I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ACF w/ form
FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~
(OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.
DATED: 5-24-12
            [signature]
DEPUTY CLERK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAY 2 4 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ANTHONY FRIDAY UDOM,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>LAPD, et al.,<br><br>　　　　Defendants. | Case No. CV 12-3773-RGK (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. Facts

Anthony Friday Udom is currently in the custody of the Department of Homeland Security awaiting removal proceedings. He filed this pro se civil rights complaint, pursuant to 42 U.S.C. § 1983, on May 18, 2012. The complaint alleges a hodgepodge of misconduct by various entities including the Los Angeles Police Department, the State of California, the FBI, the City of Los Angeles, various state prisons, Assistant District Attorney Paul Minnetian and an Officer Hernandez. Included in the allegations are claims for violaition of the ADA, unreasonable force, breach of a plea agreement, cruel and unusual punishment, violation of the right to free speech, libel and slander, false arrest and imprisonment, robbery, and infliction of emotional distress. Petitioner notes

that his claims are barred by the applicable statute of limitations, but that the untimeliness should be excused due to his mental illness.

Because Plaintiff fails to state a cause of action upon which relief may be granted against any defendant other than Officer Hernandez for excessive force, the complaint will be dismissed without leave to amend with respect to the state entities and those individuals entitled to absolute immunity and with leave to amend as to the remaining defendants.

## II. Discussion and Analysis

### A. Duty to Screen

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken

as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

**B. Plaintiff Has Failed To State A Claim Upon Which Relief May Be Granted with Respect to the State of California and the Various State Prisons**

The Eleventh Amendment bars suits against a state or its instrumentalities by citizens of another state. U.S. Const. Amend. XI.[1] While not explicitly set forth in the text of the amendment, the Supreme Court has held that citizens are barred from bringing suit against their own state as well. *See Hans v. Louisiana*, 134 U.S. 1, 21 (1890). Absent a waiver of Eleventh Amendment immunity, a state may not be sued in federal court. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999); *see also Quillin v. Oregon*, 127 F.3d 1135, 1138 (9th Cir. 1997)(per curiam). The State of California must therefore be dismissed as a defendant in this action.

The state prisons must also be dismissed as defendants because they are state agencies entitled to sovereign immunity under the Eleventh Amendment. *See Brown v. Cal. Dep't of Corr.*, 554 F.3d 747,

---

[1] U.S. Const. Amend. XI states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

752 (9th Cir. 2009); *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005); *Natural Resources Defense Council v. California Dep't of Tranp.*, 96 F.3d 420, 421 (9th Cir. 1996); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). There is no indication that California or its officers have waived immunity, nor did Congress waive the state's immunity pursuant to its remedial enforcement powers under the Fourteenth Amendment. *Montana v. Goldin*, 394 F.3d 1189, 1195 (9th Cir. 2005) (unless they specifically waive their immunity, states and state agencies are immune under the Eleventh Amendment from private actions for damages or injunctive relief in federal court.) Accordingly, the State of California and its prisons will be dismissed without leave to amend.

**D. Plaintiff Has Failed to State a Viable Claim Against the Los Angeles County Sheriff's Department or the City of Los Angeles**

Where a defendant is a municipality, a plaintiff must do more than plead the illicit conduct by the municipality's agents to state a cause of action under section 1983. A governmental entity cannot be held liable under section 1983 for an injury caused solely by its agents or employees based on a theory of respondeat superior or vicarious liability. *Monell v. Department of Social Svs.*, 436 U.S. 658, 691 (1978). To establish municipal liability under § 1983, a plaintiff must identify the policy or custom which caused the constitutional deprivation. *Id.* Only when the execution of the government's policy or custom inflicts the constitutional injury may a governmental entity be held liable under section 1983. *Id.* at 694. Additionally, the plaintiff must establish that the governmental

entity, through its deliberate conduct, was the moving force behind the injury or harm suffered and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 403-04 (1997).

Here, Plaintiff has failed to allege anything more than conlcusory allegation of respondeat superior and/or municipal liability against the City of Los Angeles and the Police Department. Absent a showing of some causal connection between the policy and practices of the Department and the injury, there is no basis upon which the Sheriff's Department can be found liable under section 1983. Accordingly, the lawsuit against the City of Los Angeles and the Los Angeles Police Department must be dismissed with leave to amend.

**E. The FBI is Immune from Suit**

The United States, "as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). This immunity extends to the agencies of the United States unless such immunity is waived. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). It has long been established that such immunity has not been waived with respect to the FBI, and that the agency is immune from suit. See *Gerritsen v. Consulado Gen. de Mex.*, 989 F.2d 340, 343 (9th Cir. 1993).

**F. Prosecutor Paul Minnetian is Entitled to Absolutely Immunity**

Plaintiff claims that prosecutor Paul Minnetian breached a plea agreement that he had entered into with Plaintiff. Plaintiff does not provide any supporting facts for this allegation, but it appears to

5

arise from a criminal conviction Plaintiff incurred fro robbery in 2009. This has been the subject of numerous other lawsuits filed by Plaintiff.

A prosecutor is entitled to absolute immunity from claims for damages under § 1983 for conduct "intimately associated with the judicial phase of the criminal process," *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), that occurs in the course of his or her role as an advocate for the State. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). As with judges, a prosecutor is not deprived of immunity because the action he or she took was in error, was done maliciously, or was in excess of his or her authority. *See Imbler*, 424 U.S. at 416, 434 n.34 (prosecutor's "deliberate withholding of exculpatory information" and role in allegedly suborning perjury were shielded by absolute immunity).

The allegations made by Plaintiff against Minnetian relate to actions normally associated with the duties of a prosecutor as an advocate in the judicial phase of the criminal process, and, therefore, they are entitled to absolute prosecutorial immunity.

### III. Conclusion

**IT IS THEREFORE ORDERED as follows:**

1. The complaint is dismissed without leave to amend as to the State of California, the prisons, the FBI and Prosecutor Paul Minnetian for the reasons stated above. The complaint is dismissed without prejudice and with leave to amend as to the City of Los Angeles and the Los Angeles Police Department.

2. Plaintiff has until **June 22, 2012**, to file a first amended complaint, that remedies the defects identified in this memorandum

and order and complies with the requirements of the Federal Rules of Civil Procedure and Local Rule 15-2.[2] Any amended complaint must bear the docket number assigned in this case and must be labeled first amended complaint. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims, the specific defendant to whom the facts apply; and the nature of the relief he seeks. The first amended complaint must be plainly written and legible.

3. If Plaintiff fails to timely file the amended complaint, or if the amended complaint fails to properly plead a cause of action against any of the dismissed defendants, the complaint will be served on Officer Hernandez only.

4. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, he must use this form to the extent possible and not simply attach other documents to it and attempt to incorporate claims by reference to the attachments.

Dated: May 23, 2012

Marc L. Goldman
United States Magistrate Judge

---

[2] "Every amended pleading filed as a matter of right or allowed by order of Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading." Local Rule 15-2.

7