O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

ANTHONY FRIDAY UDOM,  ) Case No. CV 12-3773-RGK (MLG)
                              )
                              ) MEMORANDUM OPINION AND ORDER
        Plaintiff,      ) DISMISSING ACTION WITH RESPECT TO
                              ) CERTAIN DEFENDANTS
    v.                    )
                              )
LOS ANGELES COUNTY SHERIFF'S )
DEP'T, et al.,         )
                              )
       Defendants.     )

Anthony Friday Udom filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on May 18, 2012. The complaint alleges a hodgepodge of misconduct by various entities including the Los Angeles Police Department, the State of California, the FBI, the City of Los Angeles, various state prisons, Assistant District Attorney Paul Minnetian and an Officer Hernandez. Included in the allegations are claims for violation of the ADA, unreasonable force, breach of a plea agreement, cruel and unusual punishment, violation of the right to free speech, libel and slander, false arrest and imprisonment, robbery, and infliction of emotional distress. Petitioner notes that his claims are barred by the applicable statute of limitations, but that the untimeliness should be excused due to

his mental illness.

On May 24, 2012, Magistrate Judge Marc L. Goldman issued an order dismissing the complaint with leave to amend. In doing so, it was found that Plaintiff had failed to state a claim upon which relief could be granted as all claims and all defendants, but for a claim of excessive force against Officer Hernandez. More specifically, it was found that 1) the causes of action against the State of California and its prisons was barred by the 11th Amendment; 2) Plaintiff had failed to state claims upon which relief could be granted against the Los Angeles County Sheriff's Department or the City of Los Angeles; 3) the FBI was immune from suit; and 4) the cause of action against Paul Minnetian, a state prosecutor was barred because he was entitled to absolute immunity.

Plaintiff was directed to file a first amended complaint against the non-immune defendants no later than June 22, 2012. He was explicitly informed that failure to file a first amended complaint in the time allowed would result in dismissal of the action without prejudice for failure to prosecute against the remaining defendants but for Officer Hernandez. Plaintiff has not filed a first amended complaint in the time allowed nor has he requested an extension of time in which to do so.[1]

For the reasons stated in the order dismissing the complaint with leave to amend, the action will be **dismissed with prejudice** as to the State of California, the individual state prisons, the FBI, and Paul Minnetian, as they are all immune from suit. The complaint

---

[1] Plaintiff did file a notice of appeal from the Court's order dismissing the complaint with leave to amend. The appeal was dismissed on July 12, 2012 for lack of jurisdiction.

1  will be **dismissed without prejudice** as to the Los Angeles Police
2  Department and the City of Los Angeles for failure to prosecute.

3  Federal courts possess the discretionary authority to dismiss
4  an action based on a plaintiff's failure to diligently prosecute or
5  comply with a court order. Fed.R.Civ.P. 41(b); Local Rule 12.1. *See*
6  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-630 (1962). "Dismissal is
7  a harsh penalty and is to be imposed only in extreme circumstances."
8  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). The Court
9  is required to weigh the following factors in determining whether to
10 dismiss a case for lack of prosecution: "(1) the public's interest
11 in expeditious resolution of litigation; (2) the court's need to
12 manage its docket; (3) the risk of prejudice to the defendants; (4)
13 the public policy favoring disposition of cases on their merits; and
14 (5) the availability of less drastic sanctions." *Omstead v. Dell,*
15 *Inc*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Eisen*, 31 F.3d 1447,
16 1451 (9th Cir. 1994) (citing *Henderson*, 779 F.2d at 1423).

17 Here, the public's interest in the expeditious resolution of
18 litigation and the court's interest in managing its docket weighs in
19 favor of dismissal. As Plaintiff has not complied with the Court's
20 order to file a first amended complaint, dismissal without prejudice
21 would not undermine the public policy favoring disposition of cases
22 on the merits. In addition, there is no identifiable risk of
23 prejudice to Defendants. Accordingly, the municipal Defendants shall
24 also be dismissed from the lawsuit.
25 //
26 //
27 //
28 //

For the reasons stated above, the action is **dismissed with prejudice** as to the State of California, the individual state prisons, the FBI, and Paul Minnetian. The action is **dismissed without prejudice** as to the Los Angeles Police Department and the City of Los Angeles. The action will proceed with respect to Officer Hernandez only.

Dated: July 23, 2012

*Gary Klausner*
_____
R. Gary Klausner
United States District Judge

Presented By:

MARC L. GOLDMAN
_____
Marc L. Goldman
United States Magistrate Judge

4